# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release of claims (hereinafter referred to as "Agreement"), is entered into by and between Plaintiffs Indira Gooding, Jaida Belton, Azhae Hylton and Ciana Belton on behalf of themselves, their present, past, and future heirs, executors, administrators, legal representatives, assignees, and each and every one of their respective agents, relatives, representatives, beneficiaries, alter egos, and attorneys (hereinafter referred to collectively as "Plaintiffs") and Negril Restaurant ATL, LLC d/b/a Negril ATL and Peter Best ("Defendants") and their respective present, past, and future affiliates, predecessors, heirs, successors, parents, subsidiaries, assigns, insurers, and each and every one of their respective owners, shareholders, servants, officers, directors, employees, agents, principals, relatives, representatives, beneficiaries, alter egos, and attorneys (hereinafter referred to collectively as the "Released Parties"). Throughout this Agreement, Plaintiffs and the Released Parties shall collectively be referred to as the "Parties."

This Agreement shall not in any way be construed as an admission by the Released Parties of any violation of any law or any other liability including common law liability to Plaintiffs.

WHEREAS, Plaintiffs were employed by Defendants in this action;

WHEREAS, Plaintiffs filed an action (the "Action"), captioned, *Indira Gooding et al v. Negril Restaurant ATL, LLC d/b/a Negril ATL and Peter Best* Civil Action No. 1:23-cv-2724-AT, in the United States District Court for the Northern District

of Georgia (the "Court") alleging claims against Defendants for alleged violations of the Fair Labor Standards Act ("FLSA"); and

WHEREAS, the Parties desire to settle any and all wage disputes between them, without admitting liability or fault, including but not limited to all claims asserted in the Action, as well as any employment claims that could have or should have been brought by an of the Plaintiffs or their representatives as part of the instant litigation;

NOW WHEREFORE, in consideration of the promises and mutual covenants herein contained, the sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1. In consideration of the release and other obligations entered into by Plaintiffs pursuant to this Agreement, and obtaining from the Court an Order approving this Agreement and dismissing the Action *with prejudice*, Defendants agree to pay to Plaintiffs the total amount of One Hundred and Seventy- Five Thousand Dollars and 00/100 ($175,000) (the "Settlement Amount").

2. The Parties agree that the settlement agreement will be entered on the court docket with a consent judgment in the total amount of $175,000 in favor of Plaintiffs.

3. Defendants agree to pay a monthly minimum amount of $5,000 towards the total Settlement Amount of $175,000 in installments, structured in the following manner;

    A.    Monthly payments, ultimately totaling Forty-Eight Thousand and Three Hundred Dollars 00/100 ($48,300), made payable in equal

monthly installments of One Thousand Three Hundred Eighty dollars and 00/100 ($1,380.00), to Indira Gooding for alleged unpaid wages and liquidated damages under the FLSA. A bank-issued check or electronic payment in the amount of One Thousand Three Hundred and Eighty Dollars ($1,380.00) will be postmarked and mailed to Indira Gooding on or before the first day of each month until the total obligation of $48,300 is completely satisfied. Defendants will issue an IRS Form 1099 to Indira Gooding reflecting the annual payments.

B. Monthly payments, ultimately totaling Thirty-Two Thousand Five Hundred and Fifty Dollars 00/100 ($32,550), made payable in equal monthly installments of Nine Hundred Thirty dollars and 00/100 ($930.00), to Jaida Belton for alleged unpaid wages and liquidated damages under the FLSA. A bank-issued check or electronic payment in the amount of Nine Hundred and Thirty Dollars ($930.00) will be postmarked and mailed to Jadia Belton on or before the first day of each month until the total obligation of $32,550 is completely satisfied. Defendants will issue an IRS Form 1099 to Jaida Belton reflecting the annual payments.

C. Monthly payments, ultimately totaling Fourteen Thousand and Seven Hundred Dollars 00/100 ($14,700), made payable in equal monthly installments of Four Hundred Twenty dollars ($420.00), to Azhae Hylton for alleged unpaid wages and liquidated damages under the FLSA. A bank-issued check or electronic payment in the amount of Four Hundred and Twenty Dollars ($420.00) will be postmarked and mailed to Azhae Hylton on or before the first day of each month until the total obligation of $14,700 is completely satisfied. Defendants

will issue an IRS Form 1099 to Azhae Hylton reflecting the annual payments.

D. Monthly payments, ultimately totaling Nine Thousand Four Hundred and Fifty Dollars 00/100 ($9,450), made payable in equal monthly installments of Two Hundred Seventy Dollars and 00/100 ($270.00), to Ciana Belton for alleged unpaid wages and liquidated damages under the FLSA. A bank-issued check or electronic payment in the amount of Two Hundred and Seventy Dollars ($270.00) will be postmarked and mailed to Ciana Belton on or before the first day of each month until the total obligation of $9,450 is completely satisfied. Defendants will issue an IRS Form 1099 to Ciana Belton reflecting the annual payments.

E. Monthly payments, ultimately totaling Seventy Thousand Dollars 00/100 ($70,000), made payable to Attorney Arnold J. Lizana III for attorneys fees and costs. A bank-issued check or electronic payment in the amount of Two Thousand Dollars ($2,000.00) will be postmarked and mailed to the Law Office of Arnold J. Lizana III P.C on or before the first day of each month until the total obligation of $70,000 is completely satisfied. Defendants will issue an IRS Form 1099 to the Law Office of Arnold J. Lizana III P.C. reflecting the annual payments. Attorney Lizana assumes responsibility for distributing payments to his co-counsel.

F. Defendants agree that the monthly payments will begin on December 1, 2024.

4. Defendants agree that, in the event of a default or failure to comply with any of the above-mentioned payment deadlines, the total amount of the balance owed will become immediately due. Defendants shall have a 7 calendar day grace period to cure any missed payment before the default is declared.

5. Defendants agree to be solely responsible for distributing and delivering timely payment to each recipient of the above-mentioned payments.

6. Plaintiffs understand and agree that they and their counsel are solely responsible for any tax liability resulting from the payments set forth in Section 3 of this Agreement, including but not limited to liability for the amount, method or calculation of withholding tax to federal, state or local governments, and social security tax.

7. Upon full execution of this Agreement, the Parties agree that Plaintiffs will file a Joint Motion to Approve Settlement Agreement and to enter a Consent Judgment in the total amount of $175,000 against Defendants.

8. Should the Court not approve the settlement, the Parties agree to re-negotiate in good faith within 7 days in order to determine if satisfactory terms can be reached.

9. Defendants' obligation to make the payments set forth in Section 3 is conditioned upon the receipt by Defendants' counsel, Townsend & Lockett, LLC, of notification via the Court's CM/ECF system of an Order entered by the Court approving this Agreement and entering a Consent Judgement without additional payment of costs or attorneys' fees.

10. Plaintiffs agree and represent that upon receipt of all above-mentioned funds required to satisfy the consent judgment, Plaintiffs will have been paid in full for all wages and hours worked while employed with Defendants.

11. Other than as to the express rights and obligations set forth in this Agreement, and in consideration of the provisions, promises, terms and conditions of this Agreement, Plaintiffs hereby UNCONDITIONALLY, FULLY AND FINALLY RELEASE AND FOREVER DISCHARGE all Released Parties, their officers, directors, employees, independent contractors, agents, affiliates, parents, subsidiaries, divisions, predecessors, purchasers, assigns, representatives, successors, successors in interest, and customers from any and all duties, claims, rights, complaints, charges, damages, costs, expenses, attorneys' fees, debts, demands, actions, obligations, judgments and liabilities, of any and every kind, nature, and character whatsoever, whether known or unknown, whether arising out of contract, tort, statute, settlement, equity or otherwise, whether fixed, liquidated, or contingent which they have, ever had, or may in the future claim to have against the Released Parties, including but not limited to any and all claims under the FLSA and similar state or local laws. ("Released Claims").

12. Plaintiffs further agree, promise, and covenant that no person, organization or any other entity acting on their behalf will file, charge, claim, sue or cause or permit to be filed, charged, claimed, or sued, any action for damages or other relief (including injunctive, equitable, declaratory, monetary, or other relief) against any of the Released Parties, based upon the Released Claims. Plaintiffs acknowledge and agree that this Agreement shall serve as a complete defense to any such action filed in violation of the provisions of this paragraph.

13. Each Party shall be responsible for payment of their own attorneys' fees and costs, except as provided in Section 3. Plaintiffs covenant and agree to indemnify and hold the Released Parties harmless for any additional sums beyond the payments specified herein, including, but not limited to, liabilities, costs, and expenses, including reasonable attorneys' fees, as the result of any claims for attorneys' fees which may at any time be asserted against the Released Parties by Plaintiffs' counsel on account of or in connection with their representation of Plaintiffs regarding the Released Claims.

14. Plaintiffs represent and warrant that they are authorized to enter into and that they have the authority to perform the terms of this Agreement. Plaintiffs represent and warrant that they have not sold, assigned, transferred, conveyed or otherwise disposed of all or any portion of the Released Claims, and that they will indemnify and hold the Released Parties harmless of and from any claims, actions, causes of action, demands, rights, damages, costs and expenses, including all attorneys' fees, arising from a complete or partial assignment of the Released Claims. Plaintiffs understand that their attempt to sell, assign, transfer, convey, or otherwise dispose of any portion of the Released Claims constitutes a material breach of this Agreement, entitling the aggrieved party to recover any payments made under this Agreement, to stop any payments or obligations owing under this Agreement, to recover the costs and attorneys' fees the aggrieved party incurs to recover under this paragraph and to obtain injunctive, monetary or other relief permitted by law.

15. If any provision of this Agreement or the application thereof to any party or circumstances shall be determined to be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to any other

party or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

16. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original, but all of which together shall constitute one and the same instrument. Facsimile and electronic copies of the executed Agreement shall have the same force and effect as an original copy.

17. The Parties agree that this Agreement is a compromise of disputed claims and that the Settlement Amount is paid solely to avoid the expense, inconvenience, and uncertainty of litigation. This Agreement and compliance with it shall not be construed as an admission of any liability, wrongdoing, or responsibility on the part of the Released Parties. The Released Parties expressly deny any liability or wrongdoing of any kind associated with the claims alleged in the Action or any other claims. The Parties further agree that this Agreement and its terms shall not be used as evidence or construed as an admission of any liability or wrongdoing in any current or future proceeding.

18. In the event any Party breaches this Agreement, the non-breaching Party shall be entitled to enforce all provisions of this Agreement in Court seeking all remedies available to it both in law and equity.  The prevailing Party shall be entitled to recover all attorneys' fees and costs incurred in any proceeding to enforce this Agreement, including all fees and costs through all appeals.

19. The Parties agree that this Agreement and the rights and obligations hereunder will be governed by, and construed in accordance with, the laws of the State of Georgia, regardless of any principles of conflicts of laws or choice of laws of any

jurisdiction. The Parties agree that the state courts of the State of Georgia and, if the jurisdictional prerequisites exist, the United States District Court for the Northern District of Georgia, will have sole and exclusive jurisdiction and venue to hear and determine any dispute or controversy arising under or concerning this Agreement.

20. This Agreement constitutes the entire agreement between the Parties pertaining to those subjects contained in it and supersedes all prior and contemporaneous agreements, representations and understandings. Except as expressly provided herein, the Parties represent and warrant that in executing this Agreement, they do not rely upon and have not relied upon any oral or written representation, promise, warranty or understanding made by any of the Parties or their representatives with regard to the subject matter, basis or effect of this Agreement. It is expressly understood and agreed that this Agreement may not be altered, amended, modified or otherwise changed in any respect or particular manner whatsoever except by a writing duly executed by all Parties, with terms authorized by the U.S. District Court for the Northern District of Georgia.

21. Each provision of this Agreement is intended to be severable. In the event a portion of this Agreement is held to be legally invalid by a competent court of law, the invalid portion shall be stricken, and all other obligations shall remain valid and mutually binding on the parties and not be affected thereby.

22. The Parties acknowledge that each Party has participated in the drafting of this Agreement and each has had an equal opportunity to participate in the drafting of this Agreement. No ambiguity shall be construed against any Party based upon a claim that the Party drafted the ambiguous language.

23. The Parties acknowledge and assume the risk that additional or different facts which they believe to exist may now exist or may be discovered after this Agreement has been entered into. The Parties agree that any such additional, different or contrary facts shall in no way limit, waive, affect or alter this Agreement, or the release language herein.

24. Plaintiffs acknowledge that they have been advised to consult an attorney prior to signing this agreement. Plaintiffs understand that whether or not they consult with an attorney is their decision. In this respect, Plaintiffs have consulted with and been advised by Arnold J. Lizana III and Tia Thornton-Brown Esquire in this matter and are satisfied that their counsel have provided excellent legal advice and have explained to them all of their options in connection with this Agreement.

10 / 28 / 2024
Date

Indira Gooding

10 / 26 / 2024
Date

Jaida Belton

10 / 27 / 2024
Date

Azhae Hylton

10 / 26 / 2024
Date

Ciana Belton

11/6/2024
Date

Peter Best, Individually

11/6/2024
Date

Peter Best, Owner and Managing Partner
Negril Restaurant ATL, LLC